UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LUIS SANCHEZ SANTOS, | : | |
| Plaintiff, | : | Civil Action No. 21-04975 (KM) (ESK) |
| v. | : | **MEMORANDUM AND ORDER** |
| UNITED STATES OF AMERICA, | : | |
| Defendant. | : | |

Pro se Plaintiff Luis Sanchez Santos, a federal pre-trial detainee at Essex County Correctional Facility (ECCF) in Newark, New Jersey at the time he filed this action, seeks to pursue various civil rights claims. (DE 1.) On March 16, 2021, I administratively terminated this action because Plaintiff failed to include the necessary filing fee or application to proceed *in forma pauperis* (IFP). (DE 2.) Plaintiff subsequently filed two motions for leave to file an amended complaint, both administratively terminated by Magistrate Judge Kiel (DEs 3-5, 7), a proposed amended complaint (DE 6), and an IFP application (DE 5-1).

At this phase, I would usually review Plaintiff's IFP application and screen the complaint and amended complaint pursuant to 28 U.S.C. 1915(e)(2). But to proceed, the Court must be able to reach Plaintiff. District of New Jersey Local Rule 10.1(a) requires unrepresented parties to notify the Court of any change of address within 7 days. The Rule further provides that failure to file a notice of change of address "may result in the imposition of sanctions by the Court." *Id.*  Failure to comply with Rule 10.1 generally results in the dismissal of the action, which the Third Circuit has upheld as an appropriate exercise of this Court's discretion.  *See McLaren v. N.J. Dep't of Educ.*, 462 F. App'x 148, 149 (3d Cir. 2012) (affirming dismissal without considering the six factors set forth in *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), because the plaintiff's

failure to update mailing address and the consequent return of court orders as undeliverable left the district court with "little choice as to how to proceed.").

Here, the Clerk of Court recently mailed notices to Plaintiff at ECCF, listing the same booking number identified in Plaintiff's complaint and IFP application. (DEs 5-1, 8, 9.) However, both were returned as undeliverable, with handwritten notes on the envelope indicating that Plaintiff was not at ECCF. (DE 5-1, 6.) The Court was also unable to locate Plaintiff via the New Jersey and Essex County Corrections search engines by name, inmate number, or booking number. The Court's inability to reach Plaintiff, and therefore Plaintiff's inability to prosecute this action, necessitate administratively terminating this action. This termination is without prejudice to Plaintiff's right to reinstate this action by notifying the Court of his new address within 60 days of the date of this Order. Failure to provide an updated address within that time will convert the termination to dismissal with prejudice.

IT IS therefore this 22d day of July, 2021,

ORDERED that the Clerk of the Court shall administratively terminate this matter for failure to comply with Local Civil Rule 10.1(a); and it is further

ORDERED that should Plaintiff wish to reopen this matter, he must notify the Court of his changed address within sixty (60) days of the date of this Order; and it is further

ORDERED that failure to comply with this Order may result in the matter being dismissed for lack of prosecution; and it is finally

ORDERED that the Clerk shall serve a copy of this Order upon Plaintiff at his last known address by regular U.S. mail.

/s/ Kevin McNulty

_____
Kevin McNulty
United States District Judge